IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EMMIE MIMS,

    Plaintiff,

v.

THE RODEWAY INN AND SUITES, *et al.*,

    Defendants.

ORDER

Case No. 17-cv-238-wmc

Plaintiff Emmie Mims is deceased, but before her death she filed a proposed civil complaint, claiming that defendants, the Rodeway Inn and Suites, its insurer, and hotel employee Jignesh Patel, violated her rights under the Americans with Disabilities Act ("ADA"). Plaintiff's complaint outlines a claim for damages related to an incident that took place on June 7, 2014, when Patel allegedly required her to move into a room that would not accommodate her wheelchair, although she was moved back to a wheelchair accessible room after police were called a few days later. Following plaintiff's death, her daughter Lisa Mitchell, who purports to exercise Mims' power of attorney, filed motions asking the court to forward orders to her, to substitute her mother's estate as the plaintiff, and for leave to file an amended complaint that provides more details about the proposed defendants. (Dkt. ##13, 16, 18). Since plaintiff seeks to proceed *in forma pauperis*, the court is first required to screen this complaint, *see* 28 U.S.C. § 1915(e)(2). Even construing the allegations in the complaint and supplement generously, *Haines v. Kerner*, 404 U.S. 519, 521 (1972), plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the court will deny her pending motions as moot and dismiss this lawsuit.

1

OPINION

The ADA prohibits discrimination against individuals on the "basis of disability in the full and equal enjoyment of . . . any place of public accommodation by any person who owns" it. 42 U.S.C. § 12182(a). To state a claim for violation of this provision of the ADA, plaintiff must allege "that: (1) [she] is disabled; (2) defendant is a 'private entity' which owns, leases or operates a 'place of public accommodation'; and (3) [she] was denied the opportunity to participate in or benefit from services or accommodations on the basis of [her] disability." *Torrence v. Advanced Home Care, Inc.*, No. 08-cv-2821, at *3, 2009 WL 1444448 (N.D. Ill. May 21, 2009). Unfortunately, an injunction is the only remedy authorized for private parties suing under the ADA for discrimination in public accommodations. 42 U.S.C. § 12188(a)(1). Money damages are not available. *See Ruffin v. Rockford Mem'l Hosp.*, 181 F. App'x 582, 585 (7th Cir. 2006) (citing *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006); *Powell v. National Bd. of Med. Examiners*, 364 F.3d 79, 96 (2d Cir. 2004); and *Bowers v. NCAA*, 346 F.3d 402, 433 (3d Cir. 2003)).

While the court will accept that Mims was disabled and that the Rodeway Hotel is a private entity that provides a place of public accommodation, this claim may fail at the third element. Regardless, because injunctive relief is no longer available, there is no good grounds to proceed. To start, while Mims may have initially been moved to an inaccessible room in the hotel, she was moved back into a room that accommodated her wheelchair within a few days. While her experience was certainly disruptive and, but for her death, may even be actionable, there is at least an open question given that she eventually stayed in a room that adequately accommodated her needs. More importantly, assuming that

2

Mims' experience could constitute a wrongful denial of accommodation, the complaint requests only monetary relief, which is unavailable as a remedy under the ADA. Finally, her death would moot a request for injunctive relief.

Accordingly, since the complaint and supplement fail to allege facts that support a claim for relief under the ADA, and the allegations do not support any other claim for relief in this court, this action may not proceed.

ORDER

IT IS ORDERED that:

1. Plaintiff's motions to substitute, forward and amend (dkts. ##13, 16, 18) are DENIED as moot.

2. Plaintiff's motion for leave to proceed *in forma pauperis* (dkt. #2) is DENIED.

3. This case is DIMISSED.

Entered this 20th day of March, 2019.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge